Plaintiff's counsel presented an executed fee contract which provided for a fee of thirty percent (30%) of all amounts recovered after mediation in the case. Successful mediation in this case resulted in a Compromise Settlement Agreement, which was approved in the August 20, 1997 Order.
Executive Secretary Weaver, in that order, awarded Plaintiff's attorney a twenty-five percent (25%) attorney fee as reasonable payment for his services and specifically found as follows:
"A fee of 25% is reasonable under the circumstances of this case, due to the nature and extent of services provided. A fee of 30% is found to be unreasonable and is not the customary fee charged for similar services."
Plaintiff's counsel has amply presented his reasons as to why he felt the extra five percent (5%) was justified in this case. The undersigned have reviewed his reasoning as well as the case and surrounding circumstances as a whole, and are of the opinion that the award made by Executive Secretary Weaver was a correct and reasonable one.
This decision of the undersigned is based upon the principles underlying the Workers' Compensation Act which provide a basis for compensating injured workers and for partially replacing wages which the worker is unable to earn due to a workplace injury. Workers' Compensation benefits differ from a contingency award in personal injury cases in that no portion of the compensation derives from a pain and suffering component but rather is based upon two-thirds of the average weekly wage earned by the worker prior to the injury. For these reasons, the Commission typically approves attorney's fees in workers' compensation cases such as this one in the amount of twenty-five percent (25%) of the compensation benefits, in order to assure that the worker retains the majority of the compensation in lieu of wages. N.C. Gen. Stat. § 97-90(a) provides that all attorney fees are subject to Commission approval. N.C. Gen. Stat. § 97-90(c) allows the Commission to disapprove a fee contract which it finds unreasonable.
In the case at hand, this was an admittedly compensable claim. There was a successful, fairly short, mediation session, and thereafter, the case was settled. There was no preparation for trial and no lengthy or complicated hearing before a deputy commissioner. Under these circumstances, and in light of the day-to-day needs of the injured worker, the Full Commission, in their discretion, find that an attorney's fee of thirty percent (30%) is unreasonable and is not the customary fee charged for legal services rendered in similar workers' compensation cases in which no hearing is held. The undersigned see no convincing or compelling evidence presented to show any extraordinary factors on plaintiff counsel's behalf (time invested, nature of services, results achieved, or experience/skill level of attorney) to justify a deviation from the customary fee generally requested by and approved for attorneys rendering similar services.
The Order Approving Compromise Settlement Agreement shall therefore STAND AS WRITTEN at this time.
This the _____ day of _______________, 1998.
 S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ________________________ RENÉE C. RIGGSBEE COMMISSIONER
JHB/kws